# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

SURESH H. SMALL,

    Petitioner,

v.                                        CIVIL ACTION NO. 5:23-cv-00658

WARDEN HOLZAPFEL,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Petitioner Suresh H. Small's Notice of Appeal of Court's Overruling of Petitioner's Objections for Expedited Adjudication [Doc. 20], filed July 11, 2024.

## I.

On October 5, 2023, Petitioner Suresh H. Small instituted this action seeking a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. Mr. Small seeks review of his confinement based on his allegation that "FCI-Beckley failed to provide the Petitioner with adequate NOTICE of the prohibited acts for which he was charged with for over 30 days. This disallowance of advance written notice led directly to the loss of the Petitioner's good time." [Doc. 2 at 1]. It is alleged the above resulted in a putative procedural due process violation. [*Id.* at 3]. Mr. Small is seeking expungement of the incident report and the restoration of the good conduct time. [*Id.* at 8].

On October 6, 2023, this action was referred to the Honorable Cheryl Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 4]. On October 16, 2023, Magistrate Judge Eifert ordered the Respondent to answer or

respond within 60-days and allowed for a reply to the answer to be filed within 60 days after service of the same. [Doc. 6].

On October 27, 2024, Mr. Small filed a Motion to Decrease the 60-Day Time-Frame for the Respondent's Response. [Doc. 7]. Mr. Small requested that the response time for the Respondent be reduced to 30 days. [*Id*. at 1]. Specifically, he asserted that (1) "[he] is losing earned FSA days and those lost days, he can no longer apply them", (2) "since August 26, 2023 Small has lost roughly 127 days, and those days will be forfeited with a 60-day response", (3) "Small's mother is elderly and her health is rapidly declining" and she "needs his presence as a care-giver", and (4) "the administrative grievance process in this has consumed every bit of six months, with extensions, and delays." [*Id*. at 1-2].

On November 3, 2023, Magistrate Judge Eifert denied Mr. Small's Motion to Reduce the Response Time. [Doc. 8]. Specifically, Magistrate Judge Eifert denial expressed that "none of [his] reasons justified changing the response time." [*Id*. at 1]. Magistrate Judge Eifert noted the basis of her denial was that (1) if Mr. Small succeeds on his habeas petition, "his earned time credits and forfeited credits will be applied as appropriate; however, even if all of the credits are applied, Petitioner will still have substantial time left on his sentence", (2) the Respondent is entitled to sufficient time to prepare a response which the 60-days allows for, (3) there is "absence of a pressing reason to shorten the response time", and (4) the reduction of response time is not a proper vehicle to address concerns regarding Mr. Small's mothers physical condition or her caretaker status. [*Id*. at 1-2].

On November 21, 2023, Mr. Small filed an objection to the Court's order denying his motion to reduce the response time allotted to the Respondent. [Doc. 9]. Mr. Small continued to assert that "he will receive, by BOP policy, an additional 1-year of Halfway house." [*Id*. at 1].

2

Mr. Small specifically stated, "[t]his objection does not seek to disturb the Court's denial of Petitioner's request to reduce the time-frame for a Response. Petitioner simply wants the Court to proceed, herein, respectfully relying upon correct information." [*Id*.].

On November 29, 2023, the Respondent filed the Response and "further move[d] to dismiss the Petition for a Writ of Habeas Corpus." [Doc. 10]. First, Respondent asserted that Mr. Small received his due process rights in light of *Wolff v. McDonnell* because the pertinent BOP records provide that:

> (1) Petitioner was given advanced written notice of the charged violation, i.e., a copy of the incident report over 24 hours in advance of the DHO hearing; (2) The DHO report specifies the evidence that was considered by the DHO and disclosed to Petitioner; (3) Petitioner provided a written statement, waived the right to call witnesses or present other documentary evidence, and was provided a staff representative at the rehearing; (4) the DHO who conducted the hearing was not a victim, witness, investigator, or otherwise significantly involved in the incident; and (5) Petitioner was provided a copy of the DHO report on May 9, 2023. See Ex. 1, Attach. A. Petitioner was not denied any of the Wolff safeguards, and, therefore, he was not denied due process in this matter.

[*Id*. at 6].

Second, the Respondent noted that, while the BOP's records state that the incident report was issued over 30 days after, "failure to issue the incident report within 24 hours does not amount to a due process violation because the time frame is not mandatory, and Petitioner has not established he was prejudiced by the delay." [*Id*.].

On November 29, 2023, Magistrate Judge Eifert directed Mr. Small to reply within 60-days of service of the Response. [Doc. 11]. On December 11, 2023, Mr. Small filed a Reply to the Respondent's Response. [Doc. 12]. Mr. Small claims that the Respondent "has chosen to disregard the bounds of due process of the law." [*Id*. at 1]. Mr. Small attached an Affidavit of Facts in Support Of 2241 Petition Before the Court Reflecting Prejudice to demonstrate "how the 30-day delay hindered his defense of the allegations against him that has cause him to remain

3

incarcerated longer than his given sentence." [*Id*.]. Specifically, the affidavit provided that (1) he did not receive a copy of Incident Report No. 3731546 "until well after 30-days of the incident", (2) he was prejudiced because witnesses were transferred to other institutions, (3) the warden, who he believes could have been a potential witness, transferred institutions, (4) he was "unable to mount any meaningful defense, and thus was forced to remain silent during the DHO hearing," (5) he "would have called three eyewitnesses who would have testified to his innocence, but two of those eyewitnesses transferred during the 30-days, and one is still at FCI Beckley," and (6) his "ability to defend [himself] against the charges against [him] were ruined." [*Id*. at 1-2].

On February 15, 2024, Mr. Small filed a Motion for Expedited Adjudication which was referred to Magistrate Judge Cheryl Eifert. [Doc. 14]. On February 20, 2024, Magistrate Judge Eifert denied the Motion for Expedited Adjudication. [Doc. 15]. Magistrate Judge Eifert reasoned that "Consequently, the reasons for resolving Petitioner's matter before the other, older petitions—which essentially are impatience and feelings of entitlement—do not provide justification to consider his petition out of order." [*Id*.]. On March 4, 2024, Mr. Small objected to the denial of expedited adjudication. [Doc. 16]. Specifically, he asserted that Magistrate Judge Eifert's factual findings do not "account for a few very important factors outside of the 27 days of good conduct time lost, and '40 days of non-vested good time." [*Id*. at 1]. Mr. Small again asserts that he "has earned of 1,700 Program days." [*Id*.].

On April 22, 2024, Mr. Small filed a Motion to Appoint Counsel "as his liberty interests in this case are substantially affected, as he has presented evidence from his Case Manager Powers, in the form of a 'cop-out.'" [Doc. 17]. He alleges that the issue could be "resolved if counsel was appointed for the purpose of resolving this issue through a meeting amongst lawyers." [*Id*.].

On April 26, 2024, Magistrate Judge Eifert entered a Memorandum Opinion and Order denying Mr. Small's motion to appoint counsel. [Doc. 18]. Magistrate Judge Eifert observed that, after a review of the record, and the several factors governing whether counsel should be appointed, Mr. Small "appears quite capable of presenting his arguments. The issues have been briefed and are not particularly complex or unique, and the need for an evidentiary hearing is unlikely at this time." [*Id*. at 2].

On June 7, 2024, this Court overruled Mr. Small's objection to the estimated release date and his objection to the Order Denying his Motion for an Expedited Adjudication. [Doc. 19]. Presently, Mr. Small has an estimated release date of October 18, 2026.

On July 11, 2024, Mr. Small filed a Notice of Appeal and Reconsideration regarding the Court overruling his objections for estimated release date and expedited adjudication. [Doc. 20]. Mr. Small continued to claim that "the fact he is eligible for Halfway House is not included in that projected release date. And in this, there lies confusion that causes prejudice. Usually between 11-12 months prior to an inmate's projected release date, he/she gets put in for Halfway House/Residential Treatment Placement." [*Id*. at 1]. On July 29, 2024, Mr. Small filed an Invocation of United States Supreme Court Ruling that Controls in This Case. [Doc. 21]. Specifically, he provides that *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2254 (2024), controls the issues herein and guides the merits of this case. [*Id*.]

On September 5, 2024, Mr. Small filed a Writ of Mandamus with our Court of Appeals. [Doc. 23].

## II.

Pursuant to *Federal Rule of Civil Procedure* 60(b) a court may relieve a party from an adverse judgment if the party shows either: "(1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The sixth, "catchall" provision is "invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

### III.

Mr. Small's Notice of Appeal of Court's Overruling of Petitioner's Objections for Expedited Adjudication echoes his prior contentions regarding FSA credit. Notably, Mr. Small raises no new evidence to support reconsideration. He likewise raises no applicable grounds under Rule 60(b)(1)-(5). Rather, construing it liberally, he seems to suggest that his Motion for Reconsideration could be categorized under the last prong of Rule 60(b), namely, the catch-all provision that invokes "extraordinary circumstances." Fed. R. Civ. P. 60(b)(6).

As the Court has previously expressed, the BOP will set the authoritative release date pursuant to 18 U.S.C. § 3624; the BOP is responsible for calculating credit. More specifically, the application of First Step Act Time Credits is governed by 28 C.F.R. § 523.44, which provides: "where otherwise permitted by this subpart, the Bureau *may* apply FSA Time Credits towards prerelease custody or early transfer to supervised release under 18 U.S.C. § 3624(g)." 28 C.F.R. § 523.44(b) (emphasis added). The BOP, not the Court, is tasked with examining the application, or denial, of FSA time credits inasmuch as it is ideally suited to evaluate the incarcerated

individuals conduct. Were Mr. Small to succeed on the merits, with an estimated release date of October 18, 2026, it is incorrect to presume he would be released immediately. In light of the foregoing, Mr. Small has not demonstrated he is entitled to relief or reconsideration at this stage.

Neither is Mr. Small's reliance upon *Loper Bright* appropriate. *See generally Loper Bright*, 144 S. Ct. at 2254 (expanding the authority of courts to review ambiguity in statutory directives to agencies). The case does not direct the Court to override the BOP's statutory authority, especially before a final adjudication of the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. And, inasmuch as the Notice of Appeal of Court's Overruling of Petitioner's Objections for Expedited Adjudication was filed outside of the time allotted under Rule 59(e), Rule 60(b) governs.

## IV.

Accordingly, for the foregoing reasons, the Court **DENIES** Mr. Small's Notice of Appeal of Court's Overruling of Petitioner's Objections for Expedited Adjudication. [**Doc. 20**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:  September 23, 2024

Frank W. Volk
Chief United States District Judge